IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ARAENA J. LONG                                                                                          PLAINTIFF

      v.                                                        CIVIL NO. 14-5189

CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                                          DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Araena Long, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background**

      Plaintiff protectively filed her applications for DIB and SSI on December 2, 2011, alleging disability since June 17, 2010, due to hepatitis-C, migraines, arthritis, a heart murmur, high blood pressure, depression, and anxiety. (Tr. 12, 138). For DIB purposes, Plaintiff retained insured status through December 31, 2012. (Tr. 14). An administrative hearing was held on February 26, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 31-52).

      By a written decision dated May 24, 2013, the ALJ determined Plaintiff's "high blood pressure, hands, vision, depression, anxiety, hepatitis-C, and arthritis" were severe impairments. (Tr. 14). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments

did not meet or equal the level of severity of any impairment in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15-16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work with the following limitations:

> [T]he claimant can climb ramps and stairs frequently, but can climb ladders, ropes, and scaffolds only occasionally; the claimant can balance, stoop, kneel, crouch, and crawl occasionally; the claimant can handle and finger on a bilateral basis frequently; the claimant is limited to occupations requiring only frequent near and far acuity; the claimant is able to perform work where interpersonal work is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little judgment, and where the supervision required is simple, direct and concrete.

(Tr. 16-17).

With the help of a vocational expert (VE), the ALJ found Plaintiff could perform her past relevant work (PRW) as a housekeeper. (Tr. 22). The ALJ concluded Plaintiff was not disabled as defined by the Act during the relevant time period. (Tr. 22).

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on April 24, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). The parties consented to the jurisdiction of this Court on June 30, 2014. (Doc. 6). Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 9, 10).

**II. Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.

## III. Discussion

Plaintiff argues the ALJ erred by: (1) not including pneumonia and obesity as severe impairments, and (2) not properly evaluating her credibility. (Doc. 9, p. 10).

### A. Severe Impairments

Plaintiff did not allege obesity or pneumonia as severe impairments during the disability determination process, and did not present any medical evidence at the hearing to show these conditions caused her limitations. An ALJ is not required to consider or investigate a claim "not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) (quoting Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996)).

The only reference to pneumonia in the record was an emergency room visit in January 2013. (Tr. 631-632). Plaintiff was prescribed antibiotics and discharged, and there is no indication her condition was chronic or imposed limitations that would affect her RFC. (Tr. 631). As for Plaintiff's obesity, the ALJ addressed her condition, but appropriately concluded obesity did not impose significant limitations on her ability to complete work activities. (Tr. 14). The ALJ noted that Plaintiff's weight did not affect her ability to complete regular activities such as driving, shopping, completing chores, or caring for her three preschool-age grandchildren. (Tr. 14-15). Even though the record does not establish Plaintiff's obesity was a severe impairment, the ALJ still accounted for Plaintiff's obesity by referencing her condition, and including exertional and

postural limitations in the RFC assessment. See Heino v. Astrue, 578 F.3d 873, 881-82 (8th Cir. 2009). Given the medical evidence, which fails to establish obesity caused work-related limitations, and Plaintiff's failure to allege the obesity as a disabling condition on her application or at the hearing, the ALJ's decision is not reversible error. See McNamara v. Astrue, 590 F.3d 607, 612 (8th Cir. 2010).

Based on the foregoing, the ALJ's decision at step two is based on substantial evidence.

**B. Credibility**

The ALJ was required to consider all of the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.

The ALJ addressed the Polaski factors in the written decision, and found Plaintiff's subjective complaints only partially credible because the record showed Plaintiff cared for her three young grandchildren and disabled husband; performed general household chores such as cleaning and cooking; and was prescribed conservative treatment for her conditions. (Tr. 15, 18-19). The ALJ also highlighted evidence that Plaintiff was non-compliant by failing to pick up medications and missing appointments, and made contradictory statements to physicians. (Tr. 18).

These were valid reasons for the ALJ to partially discount Plaintiff's subjective complaints. See e.g. Turpin v. Colvin, 750 F.3d 989, 993 (8th Cir. 2014).

Accordingly, the undersigned finds the ALJ's credibility analysis is based on substantial evidence.

### C. RFC Assessment

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. §404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393. F.3d 798, 801; Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's determination concerning a claimant's RFC must be supported by some medical evidence that addresses the claimant's ability to function in the workplace. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001); Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). Even though the RFC assessment draws from medical sources, it is ultimately an administrative determination. 20 C.F.R. §§ 416.927(e)(2), 416.946; Cox v. Astrue, 495 F.3d 614 (8th Cir. 2007). In evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively, but should "consider at least some supporting evidence from a professional." Lauer, 245 F.3d at 704.

In February of 2011, Plaintiff was examined by Dr. B.S. Chism, and denied depression, anxiety, malaise, or musculoskeletal symptoms. (Tr. 249-253). Plaintiff's exam was normal, and she showed good range of motion, normal hand grip, and good muscle strength and gait. (Tr. 251-252). In May of 2011, Plaintiff's exam was normal, except for pain where she received an

interferon injection. (Tr. 257-258). On May 17, 2011, Plaintiff was treated for two days at the emergency room for side effects of interferon treatment, but was discharged after reporting she felt stronger after her symptoms stabilized, and she completed physical therapy exercises. (Tr. 263-267).

In May of 2011, Plaintiff was treated at the Northwest Arkansas Free Health Center. (Tr. 296-297). Although Plaintiff's exam was normal, treatment notes indicate she gave a poor effort during the exam and mention she had abruptly stopped her medications. (Tr. 297). Because Plaintiff complained of financial obstacles to treatment she was encouraged to quit smoking and make contact with Credit Counseling of Arkansas to improve her financial situation. (Tr. 297). Plaintiff returned in October of 2011 and complained of stomach, leg, and hip pain. (Tr. 294-295). Neurontin was prescribed for pain, Prozac for depression, and Plaintiff was told to eat a high fiber diet and quit smoking. (Tr. 295). In November of 2011, Plaintiff had a follow-up, and her exam was normal, although Prevacid was prescribed for stomach discomfort and Prozac was refilled. (Tr. 292-293).

Plaintiff returned to the Northwest Arkansas Free Health Center in March of 2012. (Tr. 463). Her exam was normal, she was prescribed lisinopril and citalopram, and notes show she had not picked up her Neurontin refill since her last visit. (Tr. 464). During the rest of 2012 and 2013, Plaintiff's exams were normal when she sought treatment at the emergency room for minor conditions, such as ear aches and flu symptoms. (Tr. 330-332, 386-388, 404-405, 467-469, 493-494).

As for Plaintiff's mental conditions, she denied significant mental treatment, although she testified at the hearing, "I went for a couple of weeks [to counseling] in Missouri for about a month,

I guess." (Tr. 43, 427). At the hearing, Plaintiff also denied having any recent problems with panic attacks or anxiety. (Tr. 44). In May of 2012, Plaintiff saw Dr. Terry Efird, a consulting psychologist, and reported a low mood and excessive worrying, but shared she had no problem performing regular daily activities. (Tr. 426-427). Dr. Efird opined Plaintiff could communicate well, had no cognitive problems with performing tasks, and could concentrate and persist on basic work-like tasks within an adequate time frame. (Tr. 430).

ALJ's decision is supported by Plaintiff's treatment notes, which showed she had generally normal exams and no chronic complications from hepatitis-C. In addition, the mental consultative exam of Dr. Efird, who opined Plaintiff had no work-related mental limitations, and the opinions of the non-examining consultants, who opined Plaintiff could perform medium work with minimal contact and simple, routine, and repetitive tasks, also support the ALJ's RFC determination. (Tr. 416-423, 439, 456, 459).

Accordingly, the undersigned finds the ALJ's RFC determination is based on substantial evidence.

### D. Step Four

The burden is on the claimant to demonstrate that she is unable to return to her past relevant work. Eichelberger, 390 F.3d at 591. While VE testimony at step four is not necessary to determine if a claimant can perform her past work, the ALJ may consider VE testimony. Wagner v. Astrue, 499 F.3d 842, 853 (8th Cir. 2007). A VE's response to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform her past work. Depover v. Barnhart, 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's past relevant work at Elite Cleaners, Tyson, and as a housekeeper. (Tr. 36-37). In response, the VE testified Plaintiff's past relevant work as a housekeeper at the light, unskilled level; as a laundry operator at the medium, semi-skilled level; and as a hand packager at the medium, unskilled level. (Tr. 48). The ALJ then posed a hypothetical question to the VE that was consistent with the RFC assessment. (Tr. 48-49). In response, the VE testified the hypothetical person could perform Plaintiff's past relevant work as a housekeeper. (Tr. 49). Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, the undersigned finds the ALJ's at step four is supported by substantial evidence.

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. Plaintiff's Complaint is dismissed with prejudice.

Dated this 12th day of November, 2015.

　　　　　　　　　　　　　　　　　　　s/ *Erin L. Setser*　　　　　　　　
　　　　　　　　　　　　　　　　　　　HON. ERIN L. SETSER
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE